Gillam *v.* Huber.

*Cook* and *Bro.*, for appellee.

———— •◈• ————

## GILLAM *et al. v.* HUBER.

A note transferred before due, and in good faith, cannot be avoided by a subsequent payment on garnishee process, but such payment would be good against an assignee, who fraudulently obtained the note to defeat the creditors of the payee.

### *Appeal from Lee District Court.*

*Opinion by* GREENE, J. This action is founded on a promissory note, given by Gillam and Loveland to A. Ritter, due April 1, 1852, for $275 77. By endorsement on

the back of the note, dated March 3, 1852, it was assigned to the appellee, Martin Huber.

Among other things, the defendants aver in their answer that the administrator of Charles F. Peters, obtained a a judgment against A. Ritter, for $272, and on the 22d of June, 1852, execution issued, and the original indebtedness of the defendants, to A. Ritter, was levied upon, and they paid to the sheriff, on the execution, the sum of $255 77, without notice of the transfer, and that the transfer took place after said payment, and was made to defeat the garnishee process.

The plaintiff denies these averments, and claims to be an innocent holder of the note for a valuable consideration, obtained before it was due. Under these pleadings, the plaintiff recovered judgment for the amount of the note.

On the trial, the court very correctly charged the jury, that if they found from the evidence that the note was transferred in good faith, before due, to the plaintiff, the the subsequent payment by defendants, on a garnishee process, would be a payment in their own wrong, and would not shield them in law from paying it a second time, to an innocent assignee. But the defendants requested the court to instruct the jury: "that if defendants paid the amount of the note to the sheriff, on execution against Ritter, and if plaintiff's title to the note was obtained to defeat the creditors of Ritter, and in fraud, the plaintiff cannot recover, and the payment to the sheriff would be good, against such fraudulent holder." This instruction the court refused to give. This we think is erroneous. The instruction should have been given. If not in the very form, it should at least have been given in substance, with such explanations as the evidence in the case might require. Such instruction was at least applicable to the pleadings in the case, and, so far as we can judge from the bill of exceptions, equally applicable to the evidence. If the plaintiff did not acquire posses-

sion of the note in good faith, as an innocent assignee, if the transfer was made to defraud Ritter's creditors, there could be no legal propriety in requiring the defendants to. pay the note a second time for his benefit.

*J. C. Hall,* for appellants.

*Miller* and *Beck,* for appellee.